Bradbury, J.
The onty question for consideration presented by the record is whether Mai-y B. Laughlin, defendant in error, is bound by the proceedings in the action brought by Clara A. Hoover to foreclose the mortgag-e of the latter. Her counsel contend that she is not bound, for two reasons: First, because she was not legally notified of the pendency of the action; second, if she was legally notified, the averments of the petition were not sufficient to require her to answer and set forth a claim under her mortgage, and that, therefore, a clause in the order of- confirmation quieting’ the title of the purchaser against her mortgage was void.
1. That the defendant in error was a resident of this state and might have been notified, by a summons served upon her personally, of the pendency of the action, the decree in which is now set up to estop her, and that she had no actual knowledge of its pendency is admitted. She had, however, constructive notice by publication, unless the published notice was too defective in its context or in the steps taken to authorize and perfect it to charge her constructively.
The notice was in these words:
“Henry L. Custer, J. M. Custer and Mary B. Laughlin, whose place of residence are to the undersigned unknown, will take notice that Clara A. Hooker, on the 20th day of May, A. D. 1886, filed her petition in the court of common pleas, of the county of Paulding’ and state of Ohio, alleging, *429 among other things, that J. W. Vogelsong executed and delivered to her his certain promissory note calling for $1,000.00, and to secure the payment thereof he had executed and delivered to said Clara A. Hoover a mortgage upon certain real estate therein described and that said claim is unpaid, and praying for a judgment and foreclosure of said mortgage, and alleging that the aforesaid Henry L. Custer, J. M. Custer and Mary B. Laughlin claim a lien upon the premises in said mortgage described.
“Said cause will be for hearing on the 3d of January, A. D. 1887, and unless the above named, and each of them, come into court and set forth their said respective claims they will be barred therefrom.”
The notice states that the mortgage sought tobe foreclosed, and the note secured by it, were executed by J. W. Vogelsong, whereas, the fact was, and the petition so averred, that they were executed by The Collins Manufacturing Company, which was the grantor of Vogelsong, and Vogelsong was the mortgagor of defendant in error. This publication was an attempt to notify her of the pendency of the action; it fairly disclosed that the plaintiff in that action sought to foreclose a mortgage on premises upon which she claimed a lien and advised her that her claim would be barred unless she appeared and set it forth. An affidavit was fled, regular in form, as prescribed by the statute, as preliminary to service by publication. Section 5048, Revised Statutes, provides that where the residence of the party served by publication is unknown, an affidavit stating that fact shall be made before the hearing. Whether or not such an affidavit was made does not appear from *430 the record; nor do we find it necessary to determine whether where the preliminary, affidavit, as in this case, shows that the residence of the party to be served by publication is unknown, a second affidavit, to that effect, made after the publication and before the cause is heard, is necessary to give jurisdiction to the court, for the court of common pleas is one of general jurisdiction competent .to determine questions relating’ to that jurisdiction, and' it expressly found that the defendant here had .been ‘ ‘duly served with notice of the pendency of said cause of action and the prayer of the plaintiff’s petition;” and if such an affidavit was necessary to authorize the finding, we should presume in a collateral proceeding like this that it was made. Richards v. Skiff, 8 Ohio St., 586.
We need not pause to consider the sufficieny of this notice, or whether the finding above quoted would have bound her, had she instituted proceedings in error directly on the judgment to test their soundness; or if she had brought an independent proceeding to attack the judgment directly; for she did neither, but instead chose to assail it in a collateral proceeding as having, against her, no binding force whatever. The policy of the law is to maintain the stability of judicial determinations against this mode of attack, and, that universal principles of natural justice may not make this mode necessary, the rules of law provide the methods above mentioned for the correction of irregularities that are not sufficient to render a judgment, upon its face, a nullity. Of course a judgment that is void may be disregarded whenever and wherever it may be met. .The irregularities in the service by publication, however, disclosed by the record under consideration, do not, we think, render the judgment *431 void against the defendant in eri’or, and open to collateral attack by her in the face of a finding by the court of common pleas, a court having capacity to determine, in the first instance, its own jurisdiction, that she had been legally served by publication. If an additional affidavit, as prescribed by section 5048 of the Revised Statutes, was necessary to support such finding, and complete the jurisdiction, we, as before stated, should presume that it was made, Lessee of Fowler v. Whiteman, 2 Ohio St., 271; Buchanan v. Roy's Lessee, 2 Ohio St., 251; Richards v. Skiff, 8 Ohio St., 586.
2. The petition of Clara A. Hoover set forth a claim upon a mortgage, and without attempting to disclose the nature of the claim held by the defendant in error, or to state facts which would constitute any claim whatever, proceeded to state that she, defendant in error, and certain other defendants, naming them, “have or claim to have some .interest in or lien upon said premises, the amount and nature of the same is not fully known to said plaintiff, and she avers that they should be served in this action with summons and come in and set up their interest in said premises, or be forever barred of the same. ’ ’
Certainly, under séction 5006, Revised Statutes, Mary B. Laughlin was a proper party to the action brought by Clara A. Hoover on her mortgage, for the former held a mortgage on the premises against which the latter was proceeding; and if the purchaser, at a sale made under such proceedings was to secure title free from her lien, then Mary B. Laughlin was a necessary party.
Being at any rate a proper party to the action, she ought, upon principles of well nigh universal application in such cases, to be bound by the judg *432 ment rendered in it unless the petition imposed no duty upon her to answer and set forth her claim.
Unless the plaintiff, in an action brought to foreclose a mortgage, in order to bar the lien or claim of. another in the mortgaged premises by a decree taken pro confesso upon a failure to answer, is bound either to state the facts that constitute such lien or claim, or disclose its nature so that the claimant could identify and recognize it, we do not perceive what inore should have been required of Clara A. Hoover in the action, the record of which we are now considering. The petition contained a pertinent description of the premises, and as the portions of it quoted before show, informed Mary B. Laughlin that if she had any lien thereon she was required to set it forth on pain of having it barred if she failed to comply. This we hold to be sufficient to require her to appear and set forth her claim, and if she fails to comply, will authorize a decree against her in respect to its validity. Our Code of Civil Procedure simply requires of a plaintiff that he set forth his own cause of action (section5060, Revised Statutes); while section 5006, before referred to, authorizes him to make any person a defendant to an action “who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of a question involved therein.” Whether, in view of the simplicity of procedure which it is the object of the code to secure, anything more should be required of a plaintiff in an action to foreclose a mortgage, to ®ompel lienholders to come in and set forth their respective claims, upon the property in controversy, *433 than to merely make them parties and serve them with process, is a question that may admit of considerable doubt, but its determination here is not necessary.

Judgment reversed.